IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TALINA RUVALCABA, *on behalf of herself and all others similarly situated*, ) ) ) | |
| Plaintiff, ) ) | Case No. 20 C 0140 |
| v. ) ) ) | Judge Robert W. Gettleman |
| LVNV FUNDING LLC, RESURGENT CAPITAL SERVICES L.P., RESURGENCE LEGAL GROUP, P.C., ) ) ) ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Talina Ruvalcaba has brought a one count putative class action complaint against defendants LVNV Funding LLC, Resurgent Capital Services L.P. and Resurgent Legal Group, P.C. (jointly as "RLG") alleging that defendants violated the Fair Debt Collection Practices ("FDCPA")Act, 15 U.S.C. §§1692e, and 1692f, by misrepresenting that they were not seeking court costs in an action against plaintiff in state court to collect an alleged credit card debt. Defendants have moved under Fed. R. Civ. P. 12(b)(6), to dismiss the complaint for failure to state a claim. For the reasons stated below, the motion is granted.

## BACKGROUND

Defendant RLG filed suit on behalf of LVNV against plaintiff in Illinois state court seeking to collect a debt originally owed to Credit One Bank, N.A. but later sold to LVNV. The state court complaint sought judgment in the amount of $1,625.10 plus court costs. Attached to the complaint was a form affidavit required in debt collection cases by Illinois Supreme Court Rule 280.2. The affidavit indicated that the "charge-off" balance was $1,625.10, and that the plaintiff (RLG, a defendant in the instant case) was not seeking any additional amounts on the

account after the "charge off" date. In particular, the affidavit indicated that RLG was not seeking any "accrued interest," "non-interest charges or fees accrued," or "attorney's fees," and the balance due and owing as of the date of the affidavit was $1,625.10.

Plaintiff alleges that she was confused as to whether defendants were seeking courts costs as stated in the state court complaint, or whether defendants were not seeking any additional amounts after charge-off as stated in the affidavit. As a result, she alleges that defendants used false, misleading, and deceptive means and engaged in unfair practices in attempting to collect the debt.

This is not the first time that the attorneys representing plaintiffs have brought these exact claims. In Lin v. Portfolio Recovery Associates, LLC, 2020 WL 1939186 N.D. April 22, 2020), Judge Rowland issued a thorough and well-reasoned opinion concluding that the allegations failed to state a claim for violating the FDCPA. Judge Guzman, relying on the reasoning in Lin, also dismissed the identical claims in Morris v. Jefferson Capital Systems, LLC, 2020 WL 3578027 (N.D. Ill. July ,1, 2020). This court agrees with the reasoning in those cases, particularly Judge Rowland's analysis in Lin, and grants defendants' motion to dismiss.

Under the FDCPA, debt collectors cannot use "false, deceptive, or misleading representation[s] or means in connection with the collection of any debt," nor can they engage in unfair practices. 15 U.S.C. §§ 1692e and 1692f. The court must consider the allegations of FDCPA violations from the perspective of an "unsophisticated consumer." Lin, 2020 WL 1939186 at *2 (citing Taylor v. Cavalry Inv., LLC, 365 F.3d 572, 574 (7th Cir. 2004)). In this circuit, the unsophisticated consumer is "uninformed, naive, or trusting," but "possesses rudimentary knowledge about the financial world, is wise enough to read collection notices with added care, possesses reasonable intelligence, and is capable of making basic logic deductions

and inferences." Heredia v. Capital Management Services, L.P., 942 F.3d 811, 815 (7th Cir. 2019) (internal quotations omitted). As the Seventh Circuit has cautioned, "in determining whether a statement is confusing or misleading, a district court must tread carefully because district judges are not good proxies for the unsophisticated consumer whose interest the statute protects. Accordingly Rule 12(b)(6) dismissal on that issue is appropriate only if there is no set of facts consistent with the pleading under which the plaintiffs could obtain relief." Marquez v. Weinstein, Pinson & Riley, P.S., 836 F.3d 808, 812 (7th Cir. 2016). Nonetheless, dismissal is appropriate if the disputed statement is plainly, on its face, not misleading or deceptive. Heredia, 942 F.3d at 814.

In Lin, Judge Rowland concluded that an unsophisticated consumer with reasonable intelligence "would be able to understand from the State Court Complaint and affidavit that the debt collector was claiming a fixed debt amount of $1,492.18 but would also seek court costs in the case." 2020 WL 1939186 at * 4. This court agrees with that assessment. There is simply nothing misleading about the affidavit. It states in unequivocal terms that no additional charges are sought on the account. The state court complaint also sought no additional charges on the account. Even an unsophisticated consumer can understand the difference between charges on the account and costs of bringing a suit. "The Act protects the unsophisticated debtor, not the irrational one." Heredia, 942 F.3d at 815. Consequently, the court concludes that neither the affidavit nor the complaint is false, deceptive or misleading in any way. And, because the factual basis for plaintiffs §1692f claim is the same as for the §1692e claim the §1692f claim also fails. As noted in Lin, Under Ilinois law a prevailing plaintiff is entitled to recover court costs. 735 ILCS 5/5-108. The state court complaint properly indicated the amount of the debt sought "plus court costs." The affidavit indicated that RLG was not seeking any amounts in

response to an inquiry about "Additional Account Information After Charge Off." "These state court pleadings, which complied with forms provided and sanctioned by the Illinois courts, cannot be described as deceptive and misleading." Lin, 2020 WL 193186 at * 6. Defendants' motion to dismiss is granted.

## CONCLUSION

For the reasons described above and set out in Lin, defendants' motion to dismiss [Doc. 23] is granted.

**ENTER:**     **August 3, 2020**

_____
Robert W. Gettleman
United States District Judge